UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.

GARY TYRONE LUMPKIN,
QURNTON DERRELL TOOMBS,
CHARLES ALLEN MOSS, and
TERENCE DAVID RIDLEY,

    Plaintiffs,

v.

WEED-A-WAY, INC., and
MONDAY OKOTOGBO,

    Defendants.
_____/

## COMPLAINT
*{Jury Trial Demanded}*

Plaintiffs GARY TYRONE LUMPKIN ("Lumpkin"), QURNTON DERRELL TOOMBS ("Toombs"), CHARLES ALLEN MOSS ("Moss"), and TERENCE DAVID RIDLEY ("Ridley") bring this action against Defendants WEED-A-WAY, INC. ("Weed-A-Way") and MONDAY OKOTOGBO ("Okotogbo") and allege as follows:

1. This is an action arising under the Fair Labor Standards Act 29 U.S.C. §§ 201-219 ("FLSA"). Jurisdiction is conferred on this Court by 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

2. At all times material hereto, Plaintiffs were residents of Florida and "employees" of Defendants as defined by the FLSA.

3. At all times material hereto, Weed-A-Way was a Florida corporation that regularly transacted business in Broward County, Florida.

4. Upon information and belief, Weed-A-Way's gross sales or business done was in excess of $500,000 per year at all times material hereto.

1

5. Weed-A-Way was an enterprise engaged in commerce or the production of goods for commerce and is covered by the FLSA at all times material hereto.

6. Okotogbo is an FLSA employer as defined in 29 U.S.C. § 203(d), is an owner and/or manager of Weed-A-Way, ran the day-to-day operations, and had operational control over Weed-A-Way, and was directly involved in decisions affecting duties, employee compensation, and hours worked by employees, such as Plaintiffs.

7. Weed-A-Way operates a lawn service business.

8. Defendants have employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce including but not limited to computers, phones, pens, and paper.

9. Lumpkin worked for Defendants as a supervisor.

10. Toombs worked for Defendants as a laborer.

11. Moss worked for Defendants as a laborer.

12. Ridley worked for Defendants as a laborer.

13. Defendants failed to pay Lumpkin's full and proper minimum wages.

14. Defendants failed to pay Toombs's full and proper minimum wages.

15. Defendants failed to pay Moss's full and proper minimum wages.

16. Defendants failed to pay Ridley's full and proper minimum wages.

17. Defendants failed to pay Lumpkin's full and proper overtime wages.

18. Defendants failed to pay Toombs's full and proper overtime wages.

19. Defendants failed to pay Moss's full and proper overtime wages.

20. Defendants failed to pay Ridley's full and proper overtime wages.

21. Defendants knowingly and willfully refused to pay Plaintiffs' legally-entitled wages.

22. Attached as **Exhibit A** is a preliminary calculation of Lumpkin's claims including date ranges, hours worked, rates of pay, and unpaid wages; these amounts may change as Plaintiffs engage in the discovery process.

23. Attached as **Exhibit B** is a preliminary calculation of Toombs's claims including date ranges, hours worked, rates of pay, and unpaid wages; these amounts may change as Plaintiffs engage in the discovery process.

24. Attached as **Exhibit C** is a preliminary calculation of Moss's claims including date ranges, hours worked, rates of pay, and unpaid wages; these amounts may change as Plaintiffs engage in the discovery process.

25. Attached as **Exhibit D** is a preliminary calculation of Ridley's claims including date ranges, hours worked, rates of pay, and unpaid wages; these amounts may change as Plaintiffs engage in the discovery process.

26. Plaintiffs retained the services of the undersigned and are obligated to pay for the legal services provided.

## COUNT I
## VIOLATION OF THE FAIR LABOR STANDARDS ACT
## AGAINST ALL DEFENDANTS

27. Plaintiffs reallege and incorporate the allegations set forth in paragraphs 1-26 above as if set forth herein in full.

28. Pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b), Plaintiffs are entitled to (i) unpaid minimum wages, (ii) time-and-a-half overtime pay, and (iii) liquidated damages.

29. Plaintiffs seek recovery of damages as referenced above and further seek interest, costs, and attorneys' fees pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiffs demand judgment against Defendants, jointly and severally, plus costs, reasonable attorneys' fees, and such other remedy as the court deems just and appropriate.

Respectfully submitted,

Koz Law, P.A.
800 East Cypress Creek Road Suite 421
Fort Lauderdale, Florida 33334
Tel:    (786) 924-9929
Fax:    (786) 358-6071
Email: ekoz@kozlawfirm.com

_____
Elliot Kozolchyk, Esq.
Florida Bar No. 74791