**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 23-CV-60291-STRAUSS**

**GARY TYRONE LUMPKIN**, *et al.*,

       Plaintiffs,

vs.

**WEED-A-WAY, INC., and,
MONDAY OKOTOGBO**,

       Defendants.
_____/

## ORDER ON PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT

**THIS MATTER** came before the Court upon Plaintiffs' Motion for Default Judgment ("Motion"). [DE 82]. I have reviewed the Motion, the Response [DE 84], and all other pertinent portions of the record.[1] For the reasons discussed herein, the Motion is **DENIED**.

## BACKGROUND

The Motion stems from Defendants' failure to comply with this Court's September 20, 2023 Order [DE 78] ("Fees Order"). On June 21, 2023, Plaintiffs filed a notice indicating that Defendants had completely failed to respond to various requests for production and interrogatories. [DE 48]. After multiple Orders to Show Cause and attempts to hold hearings to address Defendants' failures to respond to discovery and to comply with other Court orders, *see* [DE 52, 59, 61, 63, 64, 65, 68], the Court held a hearing on July 31, 2023. [DE 73]. At that hearing, which Defendant Okotogbo attended (individually and as the owner of Defendant Weed-a-Way, Inc.) along with his counsel at the time, Emelike Nwosuocha, I found that Defendants must respond to

---

[1] Plaintiff did not file a Reply, and the time for doing so has lapsed.

Plaintiffs' outstanding discovery requests and found that Defendants and Mr. Nwosuocha owed Plaintiffs reasonable attorney's fees for the time spent securing Defendants' compliance with the discovery requests. As announced at the hearing, and memorialized in a written order later that day, I found that Defendants should pay 50% of the awarded fees and that Mr. Nwosuocha should pay the other 50%. [DE 74]. However, rather than setting an amount of fees, I ordered the parties to confer on the amount and file their respective positions if they could not agree. *Id*. On August 21, 2023, Plaintiffs filed a Notice substantiating their position on the reasonable amount of fees. [DE 75]. Defendants did not file anything regarding their position on the reasonable amount of fees. Consequently, I issued the Fees Order on September 20, 2023. [DE 78].

In the Fees Order, I required Defendants to pay Plaintiffs $2,560.00 as a result of Defendants' failure to comply with Plaintiffs' discovery requests.[2] *Id.* The Fees Order directed Defendants to deliver payment to Plaintiffs' counsel within sixty days of that order. *Id.* Consequently, Defendants had until November 20, 2023, to make the required payment. After not receiving any payment from Defendants, Plaintiffs filed the instant Motion.

On August 17, 2023 – in between the July 31 hearing and the September 20 Fees Order – the Florida Supreme Court issued an order suspending Defendants' then-counsel (Mr. Nwosuocha) from practice, effective thirty days later (i.e., September 17, 2023). *See Fla. Bar v. Nwosuocha*, No. SC2022-1776, 2023 WL 5286052 (Fla. Aug. 17, 2023). Mr. Nwosuocha was subsequently suspended from practice before this Court on November 2, 2023, and this Court ordered Defendants to obtain new counsel. [DE 79]; Order of Suspension, *In re Emelike Nwosuocha*, No.

---

[2] Consistent with my ruling following the July 31 hearing, I also ordered Mr. Nwosuocha to pay $2,560.00. While Plaintiffs indicate in their Motion that Mr. Nwosuocha has also failed to pay this amount, Plaintiffs have not sought to redress that failure in this Motion. [DE 82].

23-MC-23152 (S.D. Fla. Nov. 2, 2023), DE 3. New counsel appeared for Defendants on November 13, 2023. [DE 81].

In response to the Motion, Defendants aver they had no knowledge of this Court's previous Fees Order instructing them to pay Plaintiffs. *See* [DE 84]. Defendants claim that their previous attorney did not inform them of this Court's Fees Order, and they note that they do not have access to the federal court filing system. *Id.* Defendants maintain that had they had known about their previous attorney's suspension and the Court's Fees Order, they would have retained new counsel immediately and paid the $2,560.00. [DE 84]. In their Response, Defendants state they contacted Plaintiffs' attorney, offering to pay the $2,560.00 in two installments, one on December 15, 2023, and one on December 30, 2023, but Plaintiffs' counsel rejected that arrangement. *Id.*

## ANALYSIS

Entering default judgment as a sanction is extremely severe and "is appropriate only as a last resort, when less drastic sanctions would not ensure compliance with the court's orders." *In re Sunshine Jr. Stores, Inc.*, 456 F.3d 1291, 1306 (11th Cir. 2006) (quoting *Malautea v. Suzuki Motor Co.*, 987 F.2d 1536, 1542 (11th Cir. 1993)). "[A] default judgment sanction requires a willful or bad faith failure to obey a discovery order." *Malautea*, 987 F.2d at 1542.

Here, default judgment is not warranted. According to their Response, Defendants assert Mr. Nwosuocha did not inform them of this Court's Fees Order, which led to their noncompliance. *See* [DE 84]. Although Defendants should have been aware, based on Mr. Okotogbo's attendance at the July 31, 2023 hearing, that Defendants were going to be ordered to pay fees to Plaintiffs, Defendants could not have known the amount or due date of those payments until the Court issued the Fees Order on September 20, 2023. By that time, Mr. Nwosuocha's suspension (by the Florida Bar) had taken effect. Upon Plaintiffs' Motion, Defendants attempted to resolve the matter with

Plaintiffs' counsel by offering to pay the $2,560.00 in two installments in December 2023 (which would have amounted to a little over a one-month delay from the original payment date).

Considering the timing of the Fees Order relative to Mr. Nwosuocha's suspension, it is plausible that Defendants did not know about the Fees Order's requirements. The Florida Bar suspended prior counsel before the Court entered its Fees Order, and, given his past conduct in this case, it is certainly possible that Mr. Nwosuocha did not advise Defendants to expect the order or to immediately obtain new counsel. At the very least, the Court cannot find that Defendants acted willfully or in bad faith in failing to comply with the Fees Order, especially when Plaintiffs have failed to provide any countervailing argument or evidence in a reply. Defendants' reasonable offer to make the full (albeit late) $2,560.00 payment by December 30, 2023, is further evidence of a lack of bad faith.

The Court is aware of the various acts of non-compliance by Defendants throughout this case to which Plaintiffs allude in their Motion. Indeed, the instant Motion is at least the fourth time that Plaintiffs have sought default or default judgment as a sanction in this case. *See* [DE 30, 43, 67]. The Court expects that, with the benefit of new counsel, Defendants will (as their Response represents) "pay close attention to the docket and comply will all future court orders." [DE 84] at 3. For now, given the circumstances described above, the Court believes that the Defendants and their new counsel deserve the benefit of the doubt and that the heavy sanction of default judgment is not warranted. However, Defendants are warned that future non-compliance will lead to further sanctions.

Therefore, it is **ORDERED and ADJUDGED** that:

1. Plaintiffs' Motion is **DENIED**.

2. By **December 30, 2023,** Defendants shall pay the $2,560.00 to Plaintiffs' counsel.[3]

3. Defendants' failure to pay Plaintiffs' counsel $2,560.00 by **December 30, 2023**, will result in the Court imposing further sanctions against Defendants.

**DONE AND ORDERED** in Fort Lauderdale, Florida this 18th day of December 2023.

_Jared Strauss_
Jared M. Strauss
United States Magistrate Judge

---

[3] The Court notes Defendants offered to make the first of two payments on December 15, 2023. However, neither party has provided the Court with any notice indicating whether Defendants made this payment. Any amounts paid by Defendants prior to the issuance of this order should reduce the amount owed by December 30, 2023, by the corresponding amount.